# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| REV. DENNIS BRIGGS, ) | Case No. 1:21-cv-01568 |
| Plaintiff, ) | Judge J. Philip Calabrese |
| v. ) | Magistrate Judge Thomas M. Parker |
| CITY OF WADSWORTH, OHIO, ) | |
| Defendant. ) | |

## OPINION AND ORDER

On August 12, 2021, *pro se* plaintiff Rev. Dennis Briggs filed this civil rights action under 42 U.S.C. § 1983 against "City of Wadsworth, Ohio." (Doc. No. 1). For the following reasons, the Court DISMISSES this action.

## BACKGROUND

It appears that Plaintiff's complaint is an attempt to seek criminal charges against Sergeant Elchlinger for his purported involvement in Plaintiff's arrest in January 2021. Plaintiff states in his complaint that on January 11, 2021, he was leaving a store, and Sergeant Elchlinger arrested him for public indecency and stole his phone. Plaintiff states that the charge was later dismissed But as he left the jail, he received a letter from "Medina County" indicating that he was disqualified from HUD Housing because of the public indecency charge. He states that he "request[s] this court to file charges against Sgt. Elchlinger for theft, conspiracy with HUD, hate crimes against a Christian, kidnapping, and unlawful detainment." (ECF No. 1.) Plaintiff also seeks monetary relief.

## GOVERNING LEGAL STANDARD

By separate order, the Court granted this *pro se* plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Accordingly, because Plaintiff is proceeding *in forma pauperis*, and seeks relief from a government defendant, his complaint is before the Court for initial screening under 28 U.S.C. §§ 1915A and 1915(e)(2)(B). These statutes require district courts to screen all *in forma pauperis* complaints filed in federal court, and all complaints in which prisoners seek redress from governmental entities, officers, or employees, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Although a complaint filed by a *pro se* plaintiff is "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a *pro se* complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" to avoid a dismissal for failure to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hill*, 630 F.3d at 470–71 (holding that the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A and 1915(e)(2)(B)).

## ANALYSIS

Upon review, the Court finds that Plaintiff's complaint must be dismissed under §§ 1915A and 1915(e)(2)(B).

First, the complaint is subject to dismissal because it fails to meet basic pleading requirements by identifying how the defendant City of Wadsworth was personally involved in an alleged rights violation. It is a basic pleading requirement that a plaintiff must attribute specific factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). And the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

Where, as here, the City of Wadsworth is named as a defendant without allegations of discernible specific conduct relating to Plaintiff's purported claim, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* complaints. "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *See Gilmore v. Corrections Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004).

Second, to the extent Plaintiff alleges that the City of Wadsworth is liable for the alleged misconduct of Sergeant Elchlinger, a purported employee, Plaintiff's claim fails. There is no respondeat superior liability for constitutional rights violations under Section 1983, and Plaintiff has not alleged facts in his complaint sufficient to

3

demonstrate that an official policy or custom of the City of Wadsworth caused a violation of his constitutional rights. *See Moniz v. Hines*, 92 F. App'x 208, 211 (6th Cir. 2004) (dismissing complaint against a local government for failing to allege that a constitutional right violation occurred pursuant to a municipal custom, usage, or official policy). Therefore, the complaint fails to allege a plausible claim against the City of Wadsworth.

Finally, to the extent Plaintiff seeks criminal charges against Sergeant Elchlinger, he lacks standing. A private citizen "has no authority to initiate a federal criminal prosecution [against] defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) (citing, among authority, *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986)). "A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch." *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) (citing *U.S. v. Nixon*, 418 U.S. 683, 693 (1974)). And in the absence of a private right of action, Plaintiff lacks standing to commence a federal criminal action against Defendants. *See Profit v. City of Shaker Hts.*, No. 1:18CV1223, 2019 U.S. Dist. LEXIS 10873, at *5 (N.D. Ohio Jan. 23, 2019); *see also Poole v. CitiMortgage, Inc.*, No. 14-CV-10512, 2014 U.S. Dist. LEXIS 135488, 2014 WL 4772177, at *5 (E.D. Mich. Sept. 24, 2014) (a private citizen lacks standing to initiate criminal proceedings) (citing, among authority, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Therefore, Plaintiff cannot obtain the relief he seeks—criminal charges against the arresting sergeant.

## CONCLUSION

For the foregoing reasons, the Court **DIMISSES** Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision may not be taken in good faith.

**SO ORDERED.**

Dated: October 25, 2021

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio